TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00293-CV







Odessa Tannehill and Danny Dorris, Relators



v.



City of Austin, City Counsel, City Managers, City Attorneys, CCDS Demolition, Austin
Revitalization Authority, Relators' Previous Attorneys, Mark Forster, Kelly Evans, Judge
Davis, Judge Dietz, and Judge Cooper, Respondents







ORIGINAL PROCEEDING FROM TRAVIS COUNTY







O R D E R



PER CURIAM



 Relators Odessa Tannehill and Danny Dorris (1) bring this original proceeding against
the above-named respondents (the "City") asking this Court to order discovery in trial court causes
95-02353 and 95-15722. We will overrule the motion for leave to file petition for writ of
mandamus. Because this Court believes that Relators are confused about the effect of this Court's
order of October 25, 1995, and mistakenly believe that the City violated an order of this Court,
we will explain the history of the litigation.

Trial Court Cause 95-02353

 This cause arose out of an order from the City of Austin Building and Standards
Commission ordering demolition of two structures. Ms. Tannehill sought judicial review in the
trial court and also asked for a temporary injunction. Tex. Loc. Gov't Ann. § 54.039 (West
Supp. 1996). The trial court denied her request for a temporary injunction. Ms. Tannehill then
appealed to this Court. On March 30, 1995, this Court issued a writ of injunction to protect our
jurisdiction over the appeal. Tex. R. App. P. 43. Our injunction prevented the City from tearing
down any structure on Ms. Tannehill's property until this Court had the opportunity to consider
Ms. Tannehill's appeal.

 While the appeal from the trial-court order denying the temporary injunction was
pending, the trial court had the power to render a judgment in the underlying cause, which it did. 
On October 2, 1996, the trial court dismissed Ms. Tannehill's suit for judicial review of the
demolition order for want of jurisdiction. On October 25, 1995, this Court dismissed the appeal
from the temporary injunction as moot because the trial court had rendered judgment on the
merits. The use of the phrase "setting aside" in our judgment in connection with the temporary
injunction appears to have caused confusion. Relators appear to believe that the effect of our
order of October 25, 1995, was to nullify the trial court's denial of the temporary injunction. 
Instead, the effect was to dismiss the appeal in front of this Court, leaving the only order with any
effect the final trial-court order dismissing Ms. Tannehill's cause. At that point, Ms. Tannehill
took no steps to perfect an appeal from that final order.

 On December 6, 1995, this Court overruled Relators' motion for rehearing and
dissolved our injunction to protect jurisdiction. At that point, the trial court judgment was final,
and no appeal was pending so the City was within its rights to destroy the building.

 Ms. Tannehill has taken no steps to perfect an appeal from the final order in cause
95-02353. That order was signed on October 2, 1995, and the time for appeal has long since
passed. Tex. R. App. P. 41. This Court will accept no further filings referring to trial court
cause number 95-02353 because there is no further action this Court can take.



Trial Court Cause 95-15722

 Cause number 95-15722 appears to have arisen out of the same demolition order
that was litigated in cause number 95-02353. The court issued a final order in cause number 95-15722 on October 2, 1995. No appeal was ever perfected from that order, and the time to do so
has passed. Relators must understand that they cannot simply keep filing action after action in
the trial court based on the same demolition order. Their remedy was an appeal in cause number
95-02353. To the degree that the action in 95-15722 is based on the idea that the City violated
an order of this Court, hopefully the explanation that the City was not violating any order issued
by this Court when it demolished the building will assist in the disposition of the cause. (2)

 It is so ordered this 12th day of June 1996.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Do Not Publish
1. Mr. Dorris's status is not very clear. The City has complained that Mr. Dorris is
practicing law without a license by attempting to represent Ms. Tannehill. Mr. Dorris
has a general power of attorney from Ms. Tannehill. At this point, because the issue of
the power of attorney has not been squarely addressed, we will simply include Mr. Dorris
as a relator.
2. We note that the trial court signed an order dismissing with prejudice cause number
95-15722 on March 11, 1996. We have received no documents indicating that an appeal
was perfected.